IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH TIGER-D PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-110 |
| | ) | |
| JAQULYN CHAMPION; VERNON BROWN; LIZ ROBERTS; JOY JOHNSON; STAN SHEPARD; TERRY BUSSEY; HOMER BRYSON; and JOHN and JANE DOES, in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _ _ _ _ _ _ _ | ) | |
| | ) | |
| JOSEPH TIGER-D PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-111 |
| | ) | |
| JAQULYN CHAMPION; VERNON BROWN; LIZ ROBERTS; JOY JOHNSON; STAN SHEPARD; TERRY BUSSEY; HOMER BRYSON; and JOHN and JANE DOES, in their individual and official capacities, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in these actions filed

pursuant to 42 U.S.C. § 1983. Plaintiff submitted the same complaint twice, and the Clerk of Court opened two cases in Plaintiff's name.[1] For ease of reference, the Court will cite to the first case throughout this recommendation, but the analysis and rulings shall be applied in both of the captioned cases. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP be **DENIED** (doc. no. 2), and that these actions be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199

---

[1] Both complaints name the same defendants and describe the same events that allegedly occurred at ASMP. The only notable difference on the docket between the two cases is that proposed summons were attached to the complaint in the second case. CV 116-111, doc. no. 1, pp. 61-74. Those summons are of no consequence to the Court's analysis because, as described herein, Plaintiff should not be entitled to proceed IFP in either case.

2

(2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. The Complaint Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Prince v. Nix, 1:05-CV-0088-TWT (N.D. Ga. Aug. 1, 2005) (dismissed as frivolous and for failure to state a claim); (2) Prince v. Brimberry, 1:98-CV-0047-WLS (M.D. Ga. Feb. 27, 1998) (dismissed as frivolous); and (3) Prince v. Faulk, 1:96-CV-00001-WLS (M.D. Ga. Jan. 5, 1996) (dismissed as frivolous). All of these previous cases qualify as strikes under § 1915(g) because they were dismissed as frivolous or for failing to state a claim. Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff's complaint alleges that he was injured while working on kitchen detail prior to July 24, 2015, and he has submitted documentation showing he has had diagnostic testing performed and received treatment based on his resultant complaints of

3

pain. (Doc. no. 1, pp. 7-9; doc. no. 1-1.) He no longer works in the kitchen. (Doc. no. 1-1, p. 24.)

Plaintiff also complains of a burning in his stomach and chest, as well as "acute regurgitation," when he eats because of ulcers and a hiatal hernia. (Doc. no. 1, p. 10.) However, he concedes he receives "chronic care" for his illnesses and has been assigned a low sodium and bland diet. (Id.) When he complained about not receiving the assigned diet on May 23, 2016, he was instructed on how to request the proper dining tray by showing his identification in the dining hall. (Id.; doc. nos. 1-2, 1-3.)

None of the allegations in the complaint plausibly establish Plaintiff was in any imminent danger when he signed his complaint on June 21, 2016, or when it was mailed to the Court for filing on July 8, 2016. (Doc. no. 1, pp. 16-17.) To the contrary, Plaintiff details injuries allegedly sustained prior to July 24, 2015, and/or chronic conditions for which he has submitted documentation showing he receives treatment. Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### B. The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA.

The form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other state or federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or

failed to state a claim. (Doc. no. 1, pp. 1-3.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar.

21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under penalty of perjury, Plaintiff identified one other IFP lawsuit he filed in the Southern District of Georgia, but he did not identify any other cases filed. (Doc. no. 1, pp. 2-3, 16.) Plaintiff also stated he had never had any IFP case suit dismissed as frivolous, malicious, or for failure to state a claim. (Id. at 3.) Under the question regarding dismissal of IFP cases, Plaintiff simply wrote, "Do not recall. Same above," which is simply re-affirmation of his statement that no IFP cases had been dismissed as a strike under the PLRA. (Id.) As noted above, Plaintiff has brought at least three other cases, all of which were dismissed as frivolous or for failure to state a claim, in addition to the one case he did disclose.

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were entitled to proceed IFP, the complaint should be dismissed because he has abused the judicial

<mark>6</mark>

process by providing dishonest information about his filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's requests to proceed IFP be **DENIED** (doc. no. 2) and that these actions be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in these lawsuits, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 25th day of July, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA